IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01529-CMA-KLM

THOMAS R. JARBOE,

    Plaintiff,

v.

CHERRY CREEK MORTGAGE CO., INC., a Colorado corporation,
JEFFREY S. MAY, an individual, and
STACEY L. HARDING, an individual,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Modify Scheduling Order [ECF Nos. 97 & 127], for Leave to File Second Amended Complaint, and for an Expedited Telephonic Status Conference [Fed. R. Civ. P. 15(a)(2) & 16(b)(4)]** [#143][1] (the "Motion"). Defendant filed a Response [#147] in opposition to the Motion [#143] and Plaintiff filed a Reply [#149]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#143] is **GRANTED in part and DENIED in part**.

## I. Background

In short, this case is a civil fraud action under the False Claims Act in connection

---

[1] "[#143]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

1

with Defendant Cherry Creek Mortgage Co., Inc's residential mortgage lending business. *Am. Compl.* [#43] ¶ 7. In the present Motion [#143], Plaintiff asks the Court to modify the Scheduling Order [#97] to permit the following: "(a) leave for [Plaintiff] to file his proposed second amended complaint; (b) 35 total interrogatories; (c) 35 requests for production of documents; (d) 20 total depositions; (e) December 1, 2020 deadline to serve further written discovery; (f) January 29, 2021 discovery cut-off for all purposes; (g) February 15, 2021 dispositive motion deadline; (h) March 5, 2021 pretrial conference; and (i) an emergency telephonic conference to discuss such matters." *Motion* [#143] at 15. However, in his Reply, Plaintiff withdraws (b), (c), and (d) above, regarding additional written discovery and depositions, although he expects to file a separate motion on those issues. *Reply* [#149] at 2 n.2. The Court previously denied (i) above regarding an emergency telephonic conference. *Minute Order* [#145].

In the proposed Second Amended Complaint [#143-2], Plaintiff seeks leave to amend the Amended Complaint [#43] to add two additional claims under the False Claims Act as well as "more detail for his allegations . . . to cure any purported pleading defects in his pleadings . . . ." *Motion* [#143] at 2. In opposition to this request, Defendants respond that Plaintiff has not met the Fed. R. Civ. P. 16(b)(4) good cause requirement to amend a complaint. *See Response* [#147] at 2. Further, Defendants argue that the amendments should not be granted under Fed. R. Civ. P. 15(a), because they would subject Defendants to prejudice and because Plaintiff has not offered any adequate explanation for his delay in filing the Motion [#143]. *Id.*

## II.  Legal Standard

As an initial matter, the Scheduling Order governing this case provides that the

deadline for joinder of parties and amendment of pleadings was December 31, 2019. *Scheduling Order* [#97] at 11 § 9(a). The present Motion [#143] was filed on July 22, 2020, and hence, Plaintiff's Motion is untimely. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4); and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)) (internal quotations omitted); *see, e.g.*, *Williams-Berrien v. Wilson*, No. 15-cv-00948-REB-KLM, 2018 WL 3829955, at *2 (D. Colo. Aug. 13, 2018); *Petekewicz v. Stembel*, No. 13-cv-01865-RM-KLM, 2015 WL 1740386, at *4 (D. Colo. Apr. 14, 2015). If the movant meets the Rule 16(b)(4) good cause standard and the Rule 15(a) standard to amend the pleadings, the movant has met the requirements to amend the pleadings. *Birch*, 812 F.3d at 1247. However, if the plaintiff fails "to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether [the plaintiff has] satisfied the requirements of Rule 15(a)." *Carriker v. City & Cty. of Denver, Colo.*, No. 12-cv-02365-WJM-KLM, 2013 WL 2147542, at *2 (D. Colo. May 16, 2013) (citing *Nicastle v. Adams Cty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011)).

If a party has met the Rule 16(b)(4) good cause standard, the Court has discretion to grant the party leave to amend its pleadings pursuant to Rule 15(a). *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant[s], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

3

opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).  Whether to grant leave to amend the pleadings pursuant to Rule 15(a) is within the court's wide discretion.  *Rehberg v. City of Pueblo*, No. 10-cv-00261-LTB-KLM, 2011 WL 4102287, at *3 (D. Colo. Sept. 14, 2011) (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)).

### III.  Analysis

**A.   Rule 16(b)(4)**

To demonstrate good cause pursuant to Fed. R. Civ. P. 16(b)(4), the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (citation omitted). The deadline to amend the original Amended Complaint [#43] was December 31, 2019.  *Scheduling Order* [#97] at 25 § 9(a).

Defendants argue that Plaintiff has not met the good cause standard with regard to Fed. R. Civ. P. 16(b)(4).  *Response* [#147] at 10-14.  Specifically, Defendants argue that Plaintiff fails to show good cause for amendment of the Amended Complaint [#43] because he failed to amend before the December 31, 2019 deadline for joinder of parties and amendment of pleadings, because he did not request an extension of the deadline before it expired, and because he did not exercise due diligence in obtaining the information he seeks to add in the Second Amended Complaint [#143-2].

Defendants' first two arguments regarding why Plaintiff's amendment request should be denied under Rule 16(b) constitute circular reasoning, because the Court only conducts a Rule 16(b) analysis in the first place when a party is not seeking amendment before the

4

deadline for joinder of parties and amendment of pleadings, and when the amendment request is made after the deadline has passed. Rather, the only real question is whether Plaintiff has been diligent and has adequately explained any delay, which Defendants address in their third argument. *See Strope*, 315 F. App'x at 61.

Defendants argue that Plaintiff was not diligent in seeking to obtain the discovery on which his amendments are based. *Response* [#147] at 10-14. Diligence can be shown through discovery of new facts. *Gorsuch*, 771 F.3d at 1240. In support of his diligence, Plaintiff points to facts obtained from Defendants at the following times: May 2020 (supporting ¶¶ 42-45, 73, 80-82 in the proposed Second Amended Complaint [#143-2]); late May and early June 2020 (supporting ¶ 74 in the proposed Second Amended Complaint [#143-2]); May 31, 2020 (supporting ¶ 83-87 in the proposed Second Amended Complaint [#143-2]); and June 12, 2020 (supporting ¶¶ 89-92, 99-100, 110, 115 in the proposed Second Amended Complaint [#143-2]). *Reply* [#149] at 6-8. Defendants argue that Plaintiff should have been more diligent in attempting to obtain this information, but the fact remains that there was no requirement that Plaintiff obtain all of this discovery in the first ten weeks of the discovery period after the October 23, 2019 Scheduling Conference, especially given that an additional five months remained after December 31, 2019, under the original Scheduling Order deadlines. *See Scheduling Order* [#97] at 11 (setting the discovery cut-off for May 31, 2020). As Defendants themselves point out, Plaintiff served discovery requests in December 2019 and February 2020, and Defendants provided a very large number of documents to Plaintiff an various dates between February 20, 2020, and July 25, 2020. *Response* [#147] at 2-3. Plaintiff argues that these documents produced later in the discovery period help address some of the purported shortcomings of Plaintiff's

5

Amended Complaint [#43], at least insofar as argued by Defendants in their Motion to Dismiss [#95].  In short, at least with respect to a Rule 16(b) analysis and whether the deadline for amendment of pleadings should be extended, the Court cannot find that Plaintiff's actions show a lack of diligence.

Accordingly, the Court finds that Plaintiff has adequately explained any delay and has been sufficiently diligent in attempting to meet the Court's deadlines.  Therefore, the Court finds that Plaintiff has satisfied the Fed. R. Civ. P. 16(b)(4) good cause standard.

**B.    Rule 15(a)(2)**

The purpose of Fed. R. Civ. P. 15(a) is to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018) (citation omitted).  A district court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Id.* at 755 (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

**1.    Undue Delay**

The Court may deny a motion to amend based solely on undue delay.  *Minter*, 451 F.3d at 1205.  The Tenth Circuit "focuses primarily on the reason for the delay."  *Id.*  A motion to amend is untimely, if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost cause by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims.  *Id.* at 1206 (citations omitted).  Other common reasons for finding undue delay include lack of adequate explanation for the delay

or when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted). It is well-settled that untimeliness alone is a sufficient reason to deny leave to amend when the party filing the motion has no adequate explanation for the delay. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

As noted above, Plaintiff bases his amendment requests primarily on discovery obtained in May and June 2020. The present Motion [#143] was filed on July 22, 2020. The Court cannot find that delay, if any, is *undue* under the circumstances of this case, where the information on which Plaintiff bases his request was primarily obtained 1-2 months beforehand, especially given the volume of documents which appears to have been produced in this litigation.

Accordingly, the Court rejects Defendants' argument to the extent it is based on undue delay.

### 2. Undue Prejudice

Potential prejudice to a defendant is the most important factor in determining whether a plaintiff should be permitted to amend the complaint. *Minter*, 451 F.3d 1196 at 1207. Courts typically find prejudice only when the proposed amendments unfairly affect the defendants in terms of preparing their defense to the amendment. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971).

Defendants make three arguments here, first asserting that they would be prejudiced because they have already conducted discovery based on the current claims in the Amended Complaint [#43]. *Id.* at 19. "Most often, [undue prejudice] occurs when the

amended complaints arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d 1196 at 1208 (citations omitted). Here, however, Defendants essentially concede that the amendments arise out of the same subject matter as set forth in the Amended Complaint [#43]. *See Response* [#147] at 12 (stating that "[e]ach of these 'claims' were [sic] similarly at issue in the [Amended Complaint], and the proposed amendments do little other than to divide them into separate causes of action"). Thus, the Court cannot find that this prejudice, if any, is undue.

Second, Defendants assert that they would be prejudiced if amendment is allowed by having to engage in renewed motion practice on its motion to dismiss. *Response* [#147] at 18. However, the "prejudice" which arguably results from having to defend a lawsuit is not deemed to be "undue " prejudice. *See Collins v. Ace Mortg. Funding, LLC*, 08-cv-01709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) ("The ordinary burdens associated with litigating a case do not constitute undue burden."); *see also RMD, LLC v. Nitto Americas, Inc.*, No. 09-2056-JAW-DJW, 2009 WL 10689046, at *3 n. 18 (D. Kan. Nov. 17, 2009) (stating that the "burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading") (quoting *U.S. for & on Behalf of Mar. Admin. v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989)). Thus, the Court cannot find that this prejudice, if any is undue.

Finally, Defendants assert that they will be prejudiced because the dispositive motions deadline is September 14, 2020, and the Final Pretrial Conference is set for November 6, 2020. *Response* [#147] at 18. At the same time, perhaps somewhat contradictorily, they oppose Plaintiff's request to extend these deadlines, although

8

extending these deadlines would purportedly dissipate any such prejudice to Defendants. *See generally id.* Regardless, the Court cannot find that prejudice here, if any, is undue, because Defendants have not stated what additional discovery they would need, if any, in light of Plaintiff's proposed amendments.

Accordingly, the Court finds that Defendants would not be subject to undue prejudice by allowing Plaintiffs' proposed amendments, and that amendment pursuant to Fed. R. Civ. P. 15(a) should be permitted.

**C.     Case Management Deadlines**

Plaintiff also asks to extend certain case management deadlines as follows: (1) December 1, 2020 deadline to serve further written discovery; (2) January 29, 2021 discovery cut-off for all purposes; (3) February 15, 2021 dispositive motion deadline; and (4) March 5, 2021 Final Pretrial Conference. *Motion* [#143] at 16. The primary basis on which Plaintiff makes this request is the fact that Defendants' Motion to Dismiss [#95] has been pending throughout the entirety of the discovery period, Defendants have therefore not yet filed an answer including their affirmative defenses, and Plaintiff thus has not had the opportunity to conduct any discovery on these affirmative defenses. *See generally Reply* [#149].

The Court agrees that there may need to be some adjustment of the discovery period. However, at this point, it is premature to know what adjustments may be necessary. Given that the Court is permitting the filing of Plaintiff's Second Amended Complaint [#143-2], any adjustment of deadlines will depend, at least in part, on whether Defendants file a motion to dismiss or, if not, whether Defendants' answer includes any affirmative defenses on which Plaintiff may need discovery. It is also conceivable that

Defendants may file a motion seeking additional discovery in light of Plaintiff's Second Amended Complaint [#143-2], and the Court notes that there may be some prior outstanding discovery issues which will need to be addressed before a dispositive motions deadline passes. *See Minute Order* [#145]. In addition, discovery may be impacted by resolution of the Motion to Consolidate [#94] this case with 18-cv-00462-KLM. Thus, although the Court will vacate the September 14, 2020 dispositive motions deadline (to be reset at a later date), the Court will address additional case management issues after Defendants' deadline to answer or otherwise respond to the Second Amended Complaint has passed and after the Motion to Consolidate [#94] is resolved.

## IV. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#143] is **GRANTED in part and DENIED in part**, as follows:

The Motion is **granted** to the extent Plaintiff seeks leave to file a Second Amended Complaint. Plaintiff shall file a clean, non-redlined version of the Second Amended Complaint **no later than September 2, 2020**. Defendants shall respond to the Second Amended Complaint **no later than September 16, 2020**.

The Motion is further **granted** to the extent the dispositive motion deadline set for September 14, 2020, is **VACATED**. It will be reset at a later date.

The Motion is **denied without prejudice** to the extent Plaintiff seeks an extension of other case management deadlines. The Motion is further **denied without prejudice** with respect to Plaintiff's request to enlarge the discovery parameters, given Plaintiff's

withdrawal of this portion of his Motion.

IT IS FURTHER **ORDERED** that the Discovery Moratorium imposed by the Court on July 24, 2020, remains in place. *Minute Order* [#145]. The Court will issue further guidance regarding how to raise any remaining discovery issues after Defendants' deadline to answer or otherwise respond to the Second Amended Complaint [#143-2] has passed and after the Motion to Consolidate [#94] has been adjudicated.

Dated: August 28, 2020

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge