**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-01529-CMA-KLM

UNITED STATES OF AMERICA, *ex reL.,*
THOMAS R. JARBOE,

      Plaintiff,

v.

CHERRY CREEK MORTGAGE CO., INC., *a Colorado corporation*,
JEFFREY S. MAY, an individual*,* and
STACEY L. HARDING, an individual,

      Defendants.

---

**ORDER DENYING PLAINTIFF/RELATOR JARBOE'S MOTIONS TO CONSOLIDATE
AND TO STAY PENDING DECISION ON MOTION TO CONSOLIDATE**

---

This matter is before the Court on Plaintiff/Relator Thomas R. Jarboe's ("Mr. Jarboe") Motion to Consolidate (Doc. # 94) and Plaintiff and Relator Thomas R. Jarboe's Motion to Stay Pending Decision on Motion to Consolidate Cases ("Motion to Stay") (Doc. # 106). In his Motion to Consolidate, Mr. Jarboe moves the Court to consolidate *Cherry Creek Mortgage Co. v. Thomas R. Jarboe, et al.*, Civil Case No. 1:18-cv-00462-KLM ("Consolidated Labor Action") with the instant case for discovery and pretrial purposes. In his Motion to Stay, Mr. Jarboe moves the Court to stay this action pending its decision on the Motion to Consolidate. *See generally* (Doc. # 106). Defendants Cherry Creek Mortgage Co., Inc., Jeffrey S. May, and Stacey L. Harding oppose both Motions. *See generally* (Doc. ## 100, 108).

The determination of whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). This rule allows the Court "to decide how cases on its docket are to be tried so that the business of the [C]ourt may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright, et al., *Fed. Prac. & Proc.* § 2381 at 427 (2d ed. 1995)).

The decision of whether to consolidate cases is committed to this Court's sound discretion. *Adams v. Veolia Transp.*, No. 11-cv-02491-PAB-KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). In exercising its discretion, the Court considers "whether judicial efficiency is best served by consolidation." *Otter Prod., LLC v. Treefrog Dev., Inc.*, No. 11-CV-02180-WJM-KMT, 2013 WL 490964, at *1 (D. Colo. Feb. 7, 2013) (quoting *C.T. v. Liberal School Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008)). "The [C]ourt generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id.*

Upon review of the Motion to Consolidate, Defendants' Response (Doc. # 100), Plaintiff's Reply (Doc. # 105), and the docket for this action and the Consolidated Labor Action, the Court concludes that judicial efficiency is not served by consolidation

because the instant action and the Consolidated Labor Action involve substantially different claims and parties. In this *qui tam* action, Plaintiff/Relator brings claims under the False Claims Act, 31 U.S.C. § 3279, and alleges violations of U.S. Department of Housing and Urban Development ("HUD") regulations governing the Federal Housing Administration's mortgage insurance program. By contrast, the Consolidated Labor Action involves state law claims for breach of contract and fiduciary duty, unjust enrichment, failure to pay wages and business expenses, conversion, and unfair competition. *See* (Consolidated Labor Action, Doc. ## 1, 3). Further, the United States is a party in interest in this matter only. Therefore, the Court determines that consolidation is not in the interest of judicial efficiency and exercises its discretion to deny the Motion. *See Adams*, 2012 WL 171470, at *1.

For the foregoing reasons, Plaintiff/Relator Thomas R. Jarboe's Motion to Consolidate (Doc. # 94) is hereby DENIED. Accordingly, Plaintiff and Relator Thomas R. Jarboe's Motion to Stay Pending Decision on Motion to Consolidate Cases (Doc. # 106) is DENIED AS MOOT.

DATED: September 8, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge