IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01529-CMA-KLM

THOMAS R. JARBOE,

    Plaintiff,

v.

CHERRY CREEK MORTGAGE CO., INC., a Colorado corporation,
JEFFREY S. MAY, an individual, and
STACEY L. HARDING, an individual,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Response to Court's Sua Sponte Notice and Order Regarding Appointment of Special Master** [#163][1] (the "Objection") and **Declaration of Melvin N. A. Avanzado in Support of Relator Thomas R. Jarboe's Response to Court's Sue Sponte Notice and Order Regarding Appointment of Special Master** [#164] (the "Declaration"). The Court has reviewed the Objection and the Declaration, and is sufficiently advised in the premises. For the reasons set forth below, the Objection [#163] is **OVERRULED**.

## I. Background

In short, this case is a civil fraud action under the False Claims Act in connection

---

[1] "[#163]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

with Defendant Cherry Creek Mortgage Co., Inc's residential mortgage lending business. *Am. Compl.* [#43] ¶ 7.  Discovery disputes have already consumed a disproportionate amount of the Court's time, so much so, in fact, that the Court declared a discovery hearing moratorium until a ruling was issued on Plaintiff's Second Motion for Leave to Amend Complaint.  *See* [#145, #157].  As ordered, the parties filed a Joint Motion Regarding Case Management Deadlines [#158] after acceptance of the Second Amended Complaint which illuminates a variety of discovery and case management issues (to name a few: Plaintiff's contention that Defendant did a late document dump in order to undermine a third-party deposition; Plaintiff's objection to Defendant's assertion of an accountant-client privilege; Plaintiff's contention that Defendant has refused to produce documents responsive to written discovery requests; Plaintiff's contention that Defendant's privilege log is improper; Plaintiff's contention that a third-party deponent was not adequately prepared; Plaintiff's contention that discovery must be reopened compared to Defendant's contention that discovery is properly closed; etc.).  In accordance with Fed. R. Civ. P. 53(a)(1)(C), the Court issued a Notice [#160] indicating an intention to appoint a Special Master to address these matters "that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."  Plaintiff's Objection [#163] followed.  The Court addresses Plaintiff's contentions in turn.

## II. Analysis

### A.     The Special Master's Overqualification for the Appointment

Plaintiff contends that the Special Master's expertise with "complicated e-discovery issues" is unwarranted here, as "the outstanding discovery disputes submitted to the Court have been fairly straightforward."  Based on the Court's previous experience with the

Special Master, her knowledge of litigation involving vast quantities of documents and her ability to effectively coax compromises on discovery disputes render her the perfect candidate for the job. Her experience with complex e-discovery issues is simply an added benefit that may, or may not, prove useful. This objection lacks merit.

**B.     The Special Master's Location**

Plaintiff questions the need "to appoint a discovery master so distant from Colorado." This objection is puzzling in light of Plaintiff's counsel's office location in Pasadena, California, obviously manifesting the lack of importance of a person's geographic location to prosecution of the lawsuit. In these COVID-19 days, virtually all of the Special Master's work is likely to be conducted by telephone (as is the Court's.) This objection lacks merit.

**C.     The Special Master's Unfamiliarity With the Case and Colorado Law**

Like Plaintiff's counsel, the Master's unfamiliarity with Colorado law should prove no hurdle to efficient and effective management of the discovery process. Her need to familiarize herself with the case is not a viable objection; if it were, the mandate of Fed. R. Civ. P. 53 which explicitly allows appointment of Masters in these circumstances would be meaningless. These objections lack merit.

**D.     The Lack of Need for Involvement of a Master as to All Disputes**

Plaintiff contends that "typically references [to Special Masters] are made for especially complicated, burdensome, or highly technical disputes," none of which are present here. First, the Court rejects Plaintiff's contention that courts "typically" reserve appointment of Masters for such circumstances. The sheer volume of on-going discovery issues in this case more than meets the criteria for appointment of a Special Master under

Fed. R. Civ. P. 53(a)(1)(C), Plaintiff's counsel's apparent inability to appreciate the extent of the burden on the Court notwithstanding. The Rule means what it says: when a Magistrate Judge cannot "effectively and timely address" outstanding issues, appointment of a Master is appropriate. Perhaps Plaintiff's counsel should reconsider the lengthy list of discovery and case management issues set forth in the Joint Motion [#158] before making such a glib argument. Moreover, apportionment of the many outstanding issues between the Court and the Master is not a viable solution. Instead, doing so would lead to an unnecessary need for coordination to avoid duplication or inconsistency (at a minimum), hardly increasing efficiency. This objection lacks merit.

### E.   The Plaintiff's Financial Position

Plaintiff avers that he is financially strapped and that Defendant is not, therefore, the Court should order that the costs of the Master be paid by Defendant. This suggestion is, frankly, preposterous. The Master will have the ability to apportion costs as she sees fit based on her assessment of the parties' responsibility for her involvement with each particular issue, while weighing the factors set forth in Rule 53(g). This method encourages the parties to think about their discovery needs and positions while bearing in mind the mandates of the Federal Rules of Civil Procedure: that they must confer in an effort to avoid unnecessary and wasteful disputes; that discovery should be proportionate to the needs of the case; and that efforts to prolong, complicate, and monetize discovery are inappropriate and invite imposition of sanctions. To automatically allocate costs to one party without weighing each party's responsibility for the discovery dispute is the height of injustice. This objection lacks merit.

### F.   The Public Interest in the Lawsuit Warrants Allocation of the Master's Costs

**to Defendant**

Plaintiff asserts that because this a qui tam case in which he seeks an award of damages for the public, Defendant should pay the Master's fees. First, Rule 53(g) contains no language mandating or endorsing this contention. Second, to the extent that the Rule Committee's notes to the 2003 amendment to Rule 53 indicate that "parties pursuing matters of public interest may deserve special protection," the Master can and will take that into account when determining awards of fees. Third, it is disingenuous for Plaintiff to utterly disregard his own interest in the case as the Relator, which could potentially result in a significant monetary award to him as well. Fourth, it is worth noting that the United States has declined to pursue Plaintiff's fraud allegations in this case, under 31 U.S.C. § 3730. *Notice of Election by the United States to Decline Intervention* [#10]. Finally, there is no exception to the rule allowing appointment of a Master for cases brought in the public interest, and such litigation does not create a carte blanche for overwrought, unduly burdensome, or relatively meaningless discovery. Public interest litigation is not exempt from the ordinary obligations of litigants and their counsel to carefully consider discovery needs and to secure the "just, speedy and inexpensive" determination of every action. Fed. R. Civ. P. 1. This objection lacks merit.

**G.     Plaintiff is Comparatively Blameless for the Current Discovery Posture**

Plaintiff emphasizes that he has "made a full and complete document production" and that Defendant has not asserted that his document production is incomplete. Plaintiff asserts that this supports his request that Defendant be required to pay the Master's fees. As made clear above, this overlooks several points, including: (1) Plaintiff admits that

Defendant has produced "almost 25,000 documents between May 26 and 31" and "thousands of documents well after the May 31 cutoff," as well as a "567-entry privilege log," *Joint Motion* [#158] at 3-4, (2) the fact that Plaintiff asserts that Defendant's document production is incomplete doesn't make it so; and (3) every one of the outstanding discovery issues has been brought by Plaintiff, not Defendant.  This objection lacks merit.

### III. Conclusion

For the reasons set forth above, Plaintiff's objections to appointment of a Special Master are **OVERRULED**.  An Order appointing the Special Master will issue separately.

Dated:  October 15, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge